SECURITY SEWAGE EQUIP. CO. *v.* BEEBE ET AL.

(No. 40318—Decided September 6, 1965.)

Mr. *D'Arnold Davis,* for plaintiff.

Mr. *Fred V. Skok,* prosecuting attorney, for defendant County Commissioners.

SIMMONS, J.   This cause comes before the court for decision on the pleadings, stipulations of fact, agreed questions of law, briefs and the law.

Plaintiff seeks an injunction against the Board of County

Commissioners, the County Sanitarian and his Assistant restraining them from promulgating and enforcing regulations relative to the construction and installation of semi-public aerobic digestion sewage disposal plants.

Plaintiff contends the activities of defendants in this area are in conflict with the authority of the Ohio Department of Health and result in damage to plaintiff's business.

By stipulation defendants agree that as to certain specified standard plants manufactured and sold by plaintiff corporation no review would be required by defendants as to design and accessories. It appears that these specified standard plants have received pre-acceptance approval by the State Department of Health.

Further, by stipulation defendants agree that the State Department of Health has exclusive authority to determine the site locations for such semi-public installations.

Further stipulations admit the status of plaintiff corporation, its business and the status of defendants as official officers of Lake County. It is further stipulated that the office of the Sanitary Engineer of Lake County continues to exercise authority over the installation of semi-public sewage treatment plants within Lake County and that the exercise of such authority interferes with and impedes plaintiff's operation causing it injury for which it has no adequate remedy at law.

The issues for disposition are as follows:

1. Do the defendants have authority over the installation of semi-public plants outside of municipal corporations? If so, what is the extent of such authority?

2. Do defendants have authority to review plans of semi-public sewage treatment plants constructed by plaintiff and intended for installation within Lake County outside of municipal corporations? If so, what is the extent of such authority and does it include the authority to amend and/or alter such plans?

3. What authority, if any, do defendants have over the installation and review of plans of plaintiff's plants within municipal corporations?

Upon examination of the briefs submitted by counsel for the parties and by virtue of its own independent research of the law involved in these questions the court arrives at the following conclusions:

1. The Board of County Commissioners and its Sanitary Engineer have independent authority over installation of sewage treatment plants only where such treatment plants are constructed within a sewer district established pursuant to Section 6117.01, Revised Code, and to be utilized in connection with sewer improvements installed pursuant thereto.

In the exercise of this authority they may promulgate and enforce such regulations relative to plant design, construction and installation as are not in conflict with the State Department of Health, the Sanitary Code of such department and such other regulations as it shall adopt.

With respect to all other installations outside of municipal corporations the authority of the Board and its Sanitary Engineer is strictly limited to its power to enforce the Sanitary Code and other pertinent regulations of the State Department of Health under Section 3701.56, Revised Code. It has no authority to prescribe and enforce any rules or regulations affecting such installations.

2. In the area of sanitation the State of Ohio has exercised pre-emptive authority to promulgate regulations over the design and specifications of semi-public sewage treatment plants by virtue of Chapters 6112. and 3701., Revised Code. The State Department of Health is the sole authority vested with power to prohibit or allow such installations. The approval of the Department of Health is the only ultimate prerequisite to the utilization of specific design in the county and the Board of County Commissioners and its Sanitary Engineer may not prohibit such utilization once a design has received the approval of the State Department of Health.

Since its approval may be a condition to the approval of the Department of Health, however, the county may promulgate regulations for the design and specifications for such plants as a standard for the granting or withholding of its approval. Section 6112.02, Revised Code; Sanitary Code, Ohio Department of Health, Regulation 98 (D), (E).

The county has no authority, however, to amend or alter the plans submitted to it for its approval and require that such amended or altered plans be the plans submitted to the State Department of Health. This is not to say that the county may

not inform the applicant as to the conditions under which its approval would be given.

3. The Board of County Commissioners and the County Sanitarian have no authority with respect to the installation of semi-public sewage treatment plants within municipal corporations unless it has entered into an agreement with one or more municipal corporations pursuant to Section 307.15, Revised Code. A municipal corporation under the power granted to it by Article 18, Section 3 of the Ohio Constitution has authority to enact and enforce regulations relative to sewage disposal plant installations but only to the extent that such regulations are not in conflict with regulations of the State Department of Health, including its Sanitary Code. A municipality may require submission to it by a prospective installer of its plans and specifications as a condition of the municipality extending or withholding its approval since its approval may be a condition precedent to the approval of the Department of Health. Sanitary Code, Regulation No. 98 (B).

However, a municipality may not do more than withhold its approval of such design and specifications and should such design obtain the approval of the Department of Health the municipality has no power to prohibit or interfere with the installation.

The municipality also has the power to enforce the regulations of the State Department of Health relative to the installation of a plan under Section 3701.56, Revised Code. It may implement such section by establishing administrative procedures to enforce such regulations within its boundaries in conjunction with the district Sanitary Engineer of the Department of Health.

Such powers as may be exercised by a municipal corporation may also be exercised by a Board of County Commissioners and its Sanitary Engineer by agreement pursuant to Section 307.15, Revised Code.

Questions posed in this case are more troublesome than perhaps they ought to be because of the legitimate concern of local authorities over sanitary problems and the apparent overlapping statutory powers.

With respect to county powers in this area consideration

182

must be given to the lack of constitutional authority in a county subdivision. There is no conferment of power in the Constitution to a county unit. Therefore, absent an express grant of authority by statute a county may not act. Article I, Section 20, Ohio Constitution.

It is argued by defendants that such conferment of power exists in Chapter 6117., Revised Code. It is true that a part of Section 6117.01, Revised Code, appears to confer authority upon the Board of Commissioners over all installations of treatment works outside municipal corporations:

"No * * * sewage treatment works shall be constructed in any county outside of municipal corporations by any person, firm, or corporation until the plans and specifications for the same have been approved by the board, and any such construction shall be done under the supervision of the county sanitary engineer. * * *"

However, this section is in part directly in conflict with Section 6112.02, Revised Code. Further, to construe it as establishing coextensive authority with the State Department of Health reasons counter to the clear meaning of Sections 6112.02, 3701.18, and 3701.34, Revised Code, and Regulation 98 of the Sanitary Code of the Department of Health. Section 6112.02, Revised Code, provides that the only condition to the installation of a proposed disposal system is approval of the Department of Health. The function of the Board of County Commissioners is limited to giving the department information as to whether the area to be served by the new unit is already being served by a disposal system. Regulation 98 makes the approval of the county a condition of Department of Health approval at the *option of the Department*.

Certainly if it has been the intention of the Legislature to grant parallel authority to the county and to the state it could not have expressed such intention more ineptly.

This court is convinced that such has not been the intention of the Legislature and that the power of the county in the area of semi-public sanitary installation is advisory and not directory. Section 6117.01, Revised Code, treats the creation of a sewer district generally and provides for the acquisition, construction, maintenance and operation of sewer lines and sewer improvements within such district. The language previously

quoted lies within the same section and the court is of the opinion that the authority of the county to make and enforce regulations and to supervise construction of such plants is limited to those instances when the plant is to be operated by the county as a part of the sewer complex within the sewer district.

This position is strengthened by consideration of previous decisions of the Supreme Court of this state holding that matters of sanitation are of state-wide concern subject to state-wide control. *City of Bucyrus* v. *State Department of Health,* 120 Ohio St. 426. The provisions of statutes relative to the duties of the State Department of Health apply generally throughout the state. *City of Cleveland* v. *Davis,* 95 Ohio St. 52. Questions of sanitation and its effect upon the health of the populous are matters transcending local boundaries and affect the state as a whole.

This court may take judicial notice of commonly known facts of science or sociology. *Schlenker* v. *Board of Health of Auglaize County,* 171 Ohio St. 23. Among those commonly known facts is the fact that sanitation units for commercial building and apartment units are conducive to the public good since septic tank arrangements are often inadequate or impossible, depending upon the need and soil conditions. Such sewage disposal plant units are expensive, complicated and require designing by competent specialists. Allowing local regulations in this field inconsistent one with the other would constitute a harrassment and justifies uniform standards and regulations.

It is clear that the Department of Health of the State of Ohio through its Sanitary Code and other regulations has occupied this area and, the court believes, to the exclusion of other units of government. *State, ex rel. McElroy,* v. *City of Akron,* 173 Ohio St. 189.

This determination does not prevent the county, municipal corporations and health districts from fulfilling an important function. Firstly, a local unit may pass on plans submitted to it and extend or withhold its approval of same. Regulation 98 of the State Sanitary Code provides that failure of the local unit to approve plans would normally result in the denial of the application. Even in those instances where the withholding of local approval is disregarded by the state and approval granted the local unit can and should inspect progress of instal-

lations to fulfill its proper function of enforcing the state regulations and can and should bring to the attention of the Department any special condition or problem relating to a particular site, design or installation. The court has no evidence before it suggesting that the Department of Health would ignore or fail to give serious consideration to complaints or information given it by local authorities. Indeed, its own information booklet, which is marked plaintiff's exhibit "A", contains this statement on Page 7 under the heading "Aerobic Digestion":

"Even carefully operated plants can cause problems if isolation and the point of discharge are not carefully considered by a design engineer or architect working in close cooperation with local health authorities. In some cases it may be necessary to provide additional treatment beyond the standard aerobic plant."

Local authorities have every right and power to notify the Department of Health whenever local problems are encountered. Furthermore, they may issue regulations covering special situations known to them and make compliance with those regulations and conditions precedent to the granting of the local approval contemplated by State Regulation 98.

Defendants Howard Beebe, John J. Garner and William J. Eiseman will be permanently enjoined from preventing or interfering with the installation of such of plaintiff's semi-public aerobic digestion type sewage disposal plants as have received approval of the Department of Health and are not in violation of any regulation of the State Department and which are not being installed in a manner which violates any of the said regulations of the Department of Health or the terms of the department's approval.

The court is unable to make any order affecting defendants J. W. Stanton and Roger E. Smart for the reason that they are no longer duly elected and serving county commissioners in this county. There has been no application on behalf of the plaintiff for leave to amend the petition to substitute the present duly elected and acting county commissioners for these defendants.

*Judgment accordingly.*